United States District Court
Southern District of Texas
**ENTERED**
December 10, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA DEWALT DENSON *and* ROBERT DENSON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-18-396 |
| JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., RASHEAL FARRIS, MARY GREEN, *and* AL RAMIREZ, | § § § § § § | |
| Defendants. | § | |

ORDER

Pending before the Court are Plaintiffs' Motion for Leave to File Their Attached and Adoption per FRCP 10(c) Next Supplemental Complaint per FRCP 15(d) and/or Amended Complaint and Pleading per FRCP 15(a)(2) and all Documents Incorporated by Reference per FRCP 10(c) (Document No. 47), Plaintiffs' FRCVP 16(e), FRCVP 36(b) Opposed Motion to Withdraw and Amend an Admission per Document 47-1 at Paragraph 1 at Page 1, September 28, 2018 (A) to Plead 42 U.S.C. § 1983 and its Applicability to the Facts and (B) to Plead 42 U.S.C. § 1981 (Document No. 51), and Defendants' Motion for Summary Judgment (Document No. 52). Having considered the motions, submissions, and applicable law, the Court determines Plaintiffs' motions for leave should be denied,

Defendants' motion for summary judgment should be granted as to the claims arising under federal law, and the case should be remanded to state court.

## I. BACKGROUND

This is a banking and civil rights case arising from the closure of checking and saving accounts (the "Accounts") at Defendant JPMorgan Chase Bank, N.A., ("Chase"). The Accounts were held by Plaintiffs Sandra Denson and Robert Denson (collectively, "Plaintiffs"). In January 2017, Plaintiffs allege Chase closed the Accounts without authorization. Plaintiffs allege the closure of the Accounts caused Plaintiffs to suffer damages. Plaintiffs further allege the closure of the Accounts violated Plaintiffs' rights under the United States Constitution.

Based on the foregoing, on February 17, 2017, Plaintiffs filed this lawsuit against Chase and Defendants JPMorgan Chase & Co., Rasheal Farris, Mary Green, and Al Ramirez (collectively, "Defendants") in the 157th District Court of Harris County, Texas. Plaintiffs allege numerous contract and tort claims under Texas state law, including breach of contract, breach of fiduciary duty, civil conspiracy, fraud, intentional infliction of emotional distress, money had and received, and negligence. Plaintiffs further allege claims under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution (the "Constitutional Claims"). On February 9, 2018, Defendants removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. On

September 28, 2018, and October 19, 2018, Plaintiffs moved for leave to amend the complaint. On October 19, 2018, Defendants moved for summary judgment.

## II. STANDARD OF REVIEW

*A.   Leave to Amend*

Federal Rule of Civil Procedure 16 governs leave to amend after a scheduling order deadline to amend has passed. *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If Rule 16 is satisfied, the Court turns to the more liberal standard of Federal Rule of Civil Procedure 15. *S & W Enters., LLC*, 315 F.3d at 535. A party may amend its pleadings under Rule 15 once as a matter of course within certain deadlines. Fed. R. Civ. P. 15(a)(1). Thereafter, a party may amend its pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

*B.   Summary Judgment*

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is proper. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)

4

(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Further, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kan. City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

## III. LAW & ANALYSIS

Plaintiffs move for leave to amend the complaint. Defendants move for summary judgment on all claims, including the Constitutional Claims. The Court addresses Plaintiffs' motions for leave to amend and Defendants' motion for summary judgment as to the Constitutional Claims in turn.

### A.   *Leave to Amend*

Plaintiffs move for leave to amend the complaint. Defendants contend leave should be denied because Plaintiffs' motions for leave are untimely under the scheduling order. Under Rule 16, good cause is required to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). The Court considers four factors to determine whether good cause exists: "(1) the explanation for the failure to timely move for

leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters., LLC*, 315 F.3d at 535 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). The Court addresses each factor in turn.

First, the Court considers the explanation for the failure to timely move for leave. The scheduling order's deadline to amend pleadings was June 1, 2018.[1] Plaintiffs moved for leave to amend on September 28, 2018, and October 19, 2018. Plaintiffs do not explain why they failed to meet the scheduling order's deadline. The Court finds Plaintiffs do not sufficiently explain the failure to timely move for leave. The Court therefore finds the first factor weighs against finding good cause.

Second, the Court examines the importance of the amendment. The amendment seeks to allege "the pleading and application of both 42 USC . . . § 1981 and 42 USC § 1983[.]"[2] Defendants contend Plaintiffs' proposed claim under § 1981 is time-barred. Plaintiffs do not respond to Defendants' time-barred contention. Although the Court finds an amendment adding a new claim is generally important,

---

[1] *Rule 16 Scheduling Order*, Document No. 14, ¶ 3.

[2] *Plaintiffs' FRCVP 16(e), FRCVP 36(b) Opposed Motion to Withdraw and Amend an Admission per Document 47-1 at Paragraph 1 at Page 1, September 28, 2018 (A) to Plead 42 U.S.C. § 1983 and its Applicability to the Facts and (B) to Plead 42 U.S.C. § 1981*, Document No. 51 at 3.

the amendment carries no importance if the claim is time-barred. The Court therefore finds the second factor weighs neither against nor in favor of finding good cause.

Third, the Court examines the potential prejudice to Defendants. Discovery ended on November 1, 2018.[3] Defendants state they would be prejudiced if Plaintiffs are granted leave because further discovery would be necessary. The Court finds potential prejudice to Defendants if Plaintiffs are granted leave at this stage. The Court therefore finds the third factor weighs against finding good cause.

Fourth, the Court examines the availability of a continuance. Trial is scheduled for the Court's March/April 2019 trial term. Defendants state a continuance would merely exacerbate the prejudice to Defendants by requiring further discovery and delaying dispositive motions and trial. Plaintiffs do not explain how a continuance would alleviate the prejudice to Defendants. The Court finds a continuance is unwarranted and would not alleviate the prejudice to Defendants. The Court therefore finds the fourth factor weighs against finding good cause. Because three of the four factors weigh against finding good cause, the Court finds Rule 16 is not satisfied and does not turn to Rule 15. Accordingly, Plaintiffs' motions for leave to amend are denied.

---

[3] *Rule 16 Scheduling Order*, Document No. 14, ¶ 4.

B.  *Summary Judgment as to the Constitutional Claims*

Defendants move for summary judgment as to the Constitutional Claims, contending Plaintiffs fail to show state action.[4] A plaintiff may bring a suit under 42 U.S.C. § 1983 if the plaintiff suffers a constitutional violation by a state actor acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The threshold inquiry in a suit alleging constitutional violations under § 1983 is whether "there was any intentional involvement of a state actor." *Yeager v. City of McGregor*, 980 F.2d 337, 339 (5th Cir. 1993). A constitutional claim cannot be brought against a purely private actor. *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017). However, a private actor's conduct may be deemed "state action" if the conduct is "fairly attributable" to the state. *Id.* The plaintiff must show that: (1) "the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible"; and (2) "the party charged with the deprivation may fairly be said to be a state actor." *Priester v. Lowndes Cty.*, 354 F.3d 414, 423 (5th Cir. 2004).

---

[4] Defendants move to strike several of Plaintiffs' summary judgment filings as untimely or exceeding the appropriate page limits. *Defendants' Motion to Strike Plaintiffs' Response (with Certain Related Papers) to Motion for Summary Judgment*, Document No. 76. Having reviewed the motion to strike, submissions, and applicable law, the Court determines the motion to strike should be denied without prejudice at this time. The Court therefore considers all of Plaintiffs' summary judgment filings for the purposes of this Order.

Plaintiffs contend the Constitutional Claims "are valid claims and has [sic] been fully pled and pending on a ruling by this Court."[5] It is undisputed Plaintiffs sued private actors as Defendants. Plaintiffs do not cite to any evidence showing they suffered a deprivation caused by the exercise of some right or privilege created by the state, by a rule of conduct imposed by the state, or by a person for whom the state is responsible. Nor do Plaintiffs cite to any evidence showing the party charged with any alleged deprivation may fairly be said to be a state actor. The Court finds Defendants are purely private actors whose conduct is not fairly attributable to the state. Thus, the Court finds summary judgment is proper as to the Constitutional Claims. Accordingly, Defendants' motion for summary judgment is granted as to the Constitutional Claims.

C.   *The Remaining Claims*

When federal claims serving as the basis of the Court's subject matter jurisdiction are dismissed and only state law claims remain, the Court has broad discretion to remand the state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it has original jurisdiction."); *see also Brookshore Bro. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Having

---

[5] *Plaintiff's Revised Objections and Reply to Defendants' Motion for Summary Judgment in Compliance with this Court's Page Limits*, Document No. 77 at 20.

granted summary judgment in Defendants' favor on all of Plaintiffs' claims arising under federal law, the Court declines to exercise supplemental jurisdiction and remands all pending state law claims in this case back to state court.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' Motion for Leave to File Their Attached and Adoption per FRCP 10(c) Next Supplemental Complaint per FRCP 15(d) and/or Amended Complaint and Pleading per FRCP 15(a)(2) and all Documents Incorporated by Reference per FRCP 10(c) (Document No. 47) is **DENIED**. The Court further

**ORDERS** that Plaintiffs' FRCVP 16(e), FRCVP 36(b) Opposed Motion to Withdraw and Amend an Admission per Document 47-1 at Paragraph 1 at Page 1, September 28, 2018 (A) to Plead 42 U.S.C. § 1983 and its Applicability to the Facts and (B) to Plead 42 U.S.C. § 1981 (Document No. 51) is **DENIED**. The Court further

**ORDERS** that Defendants' Motion for Summary Judgment (Document No. 52) is **GRANTED IN PART**. The Court grants the motion as to the claims arising under federal law and does not reach the remaining claims. The Court further

**ORDERS** that Defendants' Motion to Strike Plaintiffs' Response (with Certain Related Papers) to Motion for Summary Judgment (Document No. 76) is **DENIED WITHOUT PREJUDICE** at this time. The Court further

**ORDERS** that all remaining claims in this case are hereby remanded back to the 157th District Court of Harris County, Texas.

SIGNED at Houston, Texas, on this __10__ day of December, 2018.

_____
DAVID HITTNER
United States District Judge